UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVEN STRAUSS,<br><br>    Petitioner,<br><br>v.<br><br>BRIAN BIRKHOLZ,<br><br>    Respondent. | Case No. 2:24-cv-06778-SVW-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

On August 5, 2024, the Court received a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 from Steven Strauss ("Petitioner"), a federal prisoner at the Federal Correctional Institute, Lompoc, located in Lompoc, California, alleging that the Federal Bureau of Prisons ("BOP") is improperly denying him credits toward early release under the First Step Act ("FSA") by treating his separate, consecutive sentences for convictions under 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 924(c) imposed by the United States District Court for the Western District of Washington on May 9, 2023, as "aggregate" sentences, rendering him ineligible for FSA credits for the entire aggregated sentence because FSA credits are not available for convictions under 18 U.S.C. § 924(c). Dkt. 1 ("Petition" or "Pet."). Petitioner argues his sentences should be "bifurcate[d]"

so that he can receive FSA credits for the portion of his sentence imposed for his 21 U.S.C. § 841(a)(1) conviction. Pet. at 5-6 (CM/ECF pagination).

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). Habeas Rules 2(c), 4, and 5(b) require a statement of all grounds for relief and the facts supporting each ground; further, the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).

Here, the Petition facially appears to show that Petitioner is not entitled to relief. As noted, Petitioner claims that the BOP, for purposes of calculating his release date, improperly aggregated his consecutive sentences for his controlled substance conviction under 21 U.S.C. § 841(a)(1)(b)(1)(C) with his firearm conviction under 18 U.S.C. § 924(c) and did so in an "abusive" manner that prejudices hiss ability to receive FSA credits for the controlled substance conviction portion of his sentence. Pet at 3-5.

However, contrary to Petitioner's argument, Congress has instructed that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Thus, regardless of whether terms

of imprisonment are ordered to run consecutive or concurrent, Congress mandates that the BOP shall treat such multiple sentences, for administrative purposes, as a "single, aggregate term of imprisonment." Thus, contrary to Petitioner's claim, the BOP is not acting contrary to congressional intent, but is rather complying with the unambiguous language of 18 U.S.C. § 3584(c) in treating Petitioner's two consecutive sentences as a single, aggregate term of imprisonment for administrative purposes. Petitioner does not dispute that his conviction under 18 U.S.C. 924(c) is a disqualifying offense for FSA credits. As Congress has mandated that his sentences be aggregated for administrative purposes, the BOP appears to have correctly determined that Petitioner is not eligible for FTC credits. See Capito v. Dulgov, 2023 WL 7134845, at *4 (D. Ariz. Oct. 12, 2023) (finding the BOP correctly aggregated a sentence for a conviction under 18 U.S.C. § 924(c) with an underlying sentence under 18 U.S.C. § 3584(c) and correctly denied the petitioner FSA credits due to the disqualifying § 924(c) conviction), report and recommendation adopted by 2023 WL 7128522 (D. Ariz. Oct. 30, 2023).

As it facially appears that Petitioner is not entitled to the relief he seeks, the Petition appears to be subject to dismissal under Habeas Rule 4.

\* \* \* \*

Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response by no later than twenty-eight (28) days from the date of this Order which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed for the foregoing deficiency. This Order and any further proceedings are subject to any ruling by the Honorable Stephen V. Wilson, United States District Judge, on Petitioner's pending request to proceed in forma pauperis (Dkt. 2).

**The Court warns Petitioner that failure to timely file a compliant response to this Order will result in a recommendation that this action be**

**dismissed with prejudice for the reasons explained above and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: August 14, 2024

_____
JOHN D. EARLY
United States Magistrate Judge